IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT S. GAVOLA, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-cv-03528-O |
| | § | |
| JEREMY ASBRA, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The United States Magistrate Judge issued Findings, Conclusions and Recommendation ("FCR") (ECF No. 205) in this case. The Magistrate Judge recommended that Plaintiffs Robert S. Gavola, Linda A. Gavola, and the Robert S. and Linda A. Gavola Family Trust's Motion for Sanctions be denied. *See* FCR, ECF No. 205. The Court has conducted a de novo review of those portions of the proposed findings and conclusions to which an objection was made. Having reviewed the objections, the applicable law, and the record, the Court finds the FCR should be **ADOPTED**.

**I.       BACKGROUND**

On September 7, 2011, Plaintiffs filed suit against Jeremy Asbra and Advanced Financial Concepts, Inc. (collectively, the "Asbra Defendants") and several others.[1] ECF No. 1. The case was transferred to the Northern District of Texas on December 20, 2011. On November 5, 2012, Plaintiffs moved to voluntarily dismiss their own claims against the Asbra Defendants *without prejudice* under Rule 41(a)(2) "in order to maintain diversity jurisdiction." ECF No. 101. This

---

[1] The factual recitation is taken primarily from the Magistrate Judge's FCR. *See* ECF No. 205.

1

Court granted Plaintiffs' motion on November 14, 2012. ECF No. 106. Plaintiffs and the remaining Defendants then entered into a separate settlement on March 26, 2013, and signed a formal settlement agreement and release on May 21, 2013 (the "2013 Settlement Agreement"). *See* ECF Nos. 185, 194. The Asbra Defendants were not identified as parties to the settlement.

After dismissing the Asbra Defendants from this case, but before Plaintiffs entered into the 2013 Settlement Agreement, Plaintiffs filed suit against the Asbra Defendants in the Superior Court of California, Riverside County, on November 29, 2012 (the "Riverside case"). The Asbra Defendants defaulted.

On December 12, 2012, the Asbra Defendants filed suit in the 101st Judicial District Court in Dallas County, Texas, against Plaintiffs (the "Dallas case"). The Dallas state court granted a temporary restraining order, then after a hearing on June 23, 2013, it dissolved its temporary restraining order and denied the application for entry of a temporary injunction against Plaintiffs enjoining the Riverside case. The Dallas state court found that the Riverside court had acquired dominant jurisdiction over the dispute and it deferred to the Riverside court as a matter of comity.

The Riverside court set aside the Asbra Defendants' default and the parties entered into a written stipulation to arbitrate the suit. On November 9, 2014, the Asbra Defendants filed a motion in the arbitration proceedings to dismiss the claims against them on grounds that they were covered by the release in the 2013 Settlement Agreement. The motion to dismiss was denied without prejudice at the outset of the arbitration. The arbitrator issued his decision on May 21, 2015, awarding Plaintiffs $537,100. The arbitrator limited his decision to Asbra, individually, and found that the evidence was insufficient to support an award against Advanced Financial Concepts, Inc. The Asbra Defendants moved to correct the arbitration award and then filed a petition to vacate or correct the arbitration award with the Riverside court. On March 9, 2016, the Riverside court

issued a judgment in favor of Plaintiffs. On March 7, 2016, Asbra filed a notice of appeal on the order confirming the arbitration award and denying his motion to vacate.

On April 26, 2016, the Asbra Defendants returned to this Court and filed a motion to enforce the 2013 Settlement Agreement and an application for a preliminary and permanent injunction (the "Injunction Motion"). ECF No. 197. They sought to enjoin Plaintiffs from collecting on the Riverside judgment, or in the alternative, credit for funds received by Plaintiffs under the 2013 Settlement Agreement, and a judgment for damages incurred by the Asbra Defendants after the 2013 Settlement Agreement was signed. Plaintiffs filed a response in opposition to the Asbra Defendants' motion as well as evidentiary objections on May 17, 2016. ECF Nos. 198–99. The Asbra Defendants did not file a reply. On June 8, 2016, the Court issued a notice of deficiency for the Asbra Defendants' motion, noting that it failed to comply with Local Rules 7.1(b) and (h), and struck it from the record. June 8, 2016 Order, ECF No. 202. The Asbra Defendants never refiled their motion.

Plaintiffs sent the Asbra Defendants' Texas attorney a letter on July 7, 2016, informing her that Plaintiffs were prepared to file a motion for sanctions the following day. Mot. Sanctions 21–22, ECF No. 203. On July 8, 2016, Plaintiffs filed the instant motion for sanctions against the Asbra Defendants and their Texas attorney under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's inherent authority. *Id.* at 5. Plaintiffs argued that the Injunction Motion was meritless, frivolous, and filed in bad faith. The Asbra Defendants and their Texas attorney failed to respond.

On February 3, 2017, the Magistrate Judge filed her FCR recommending that the motion be denied on all grounds. Plaintiffs filed objections to the FCR arguing: (1) the Magistrate erred in finding that Plaintiff's failure to satisfy Rule 11's "safe harbor" provision barred Plaintiff's

motion for sanctions under Rule 11; and (2) the Magistrate erred in finding that Plaintiffs had failed to meet their burden to establish that the proceedings were unreasonable and vexatious under 28 U.S.C. § 1927. The Court now considers de novo those portions of the FCR to which Plaintiffs objected.

## II. ANALYSIS

### A. Rule 11 Safe Harbor

Plaintiffs argue the Magistrate Judge erred in recommending denial of Rule 11 sanctions based on Plaintiffs' failure to serve the Asbra Defendants with a copy of the sanctions motion 21 days prior to filing the motion with the Court. *See* Fed. R. Civ. P. 11(c)(2). Plaintiffs do not dispute that they failed to serve the Asbra Defendants 21 days prior to filing the instant motion. However, Plaintiffs argue that they were not required to comply with the safe-harbor provision because the Injunction Motion had already been struck by the Court and providing the Asbra Defendants time to withdraw the offending pleading would have been futile. Pls.' Obj. 2–4, ECF No. 210. Plaintiffs failed to cite a single case supporting their proposition that the 21-day-rule does not apply if the filing at issue cannot be withdrawn. "The Fifth Circuit has consistently 'held that strict compliance with Rule 11 is mandatory,' and that '[c]ompliance with the service requirement is a mandatory prerequisite to an award of sanctions under Rule 11.'" *Wesolek v. Layton*, No. CIV.A. H-12-3210, 2014 WL 1030176, at *6 (S.D. Tex. Mar. 14, 2014) (internal citations omitted) (quoting *In re Pratt*, 524 F.3d 580, 586–87 (5th Cir. 2008)). Thus, rather than mooting the 21-day requirement, Plaintiffs' delay in filing their sanctions motion until the offending motion had been struck by the Court renders Plaintiffs' motion untimely, as it denied the Asbra Defendants of the opportunity to correct the offending pleading. *See Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000) (upholding denial of Rule 11 sanctions where movants waited

4

until after trial had concluded to file motion); *Wesolek v. Layton*, No. CIV.A. H-12-3210, 2014 WL 1030176, at *5 (S.D. Tex. Mar. 14, 2014) (denying Rule 11 sanctions where movants did not file motion until after court granted motion to dismiss); *Argent Mortg. Co., LLC v. Diaz*, No. CIV. A. H-05-3058, 2006 WL 2092430, at *3 (S.D. Tex. July 26, 2006) (same). Accordingly, the Magistrate Judge correctly recommended that Plaintiffs' motion for Rule 11 sanctions be denied for failure to comply with the 21-day rule, and Plaintiffs' first objection is overruled.

**B.     28 U.S.C. § 1927**

Plaintiffs also argue "the Magistrate erred in finding that sanctions cannot be awarded because there is insufficient evidence of 'persistent prosecution of a meritless claim.'" Pls.' Obj. 7, ECF No. 210. Plaintiffs argue that the Injunction Motion was unreasonable and vexatious because the Asbra Defendants had already argued at least three prior times—before the Dallas court, during the Riverside arbitration, and before the Riverside court in an effort to vacate the arbitration—that the 2013 Settlement Agreement barred further prosecution against the Asbra Defendants. Pls.' Obj. 7–8, ECF No. 210.

The Court conducted a de novo review of the record and finds that while the Asbra Defendants did argue in other court proceedings that the 2013 Settlement Agreement barred further proceedings against them, there is no indication that this argument was considered on the merits by other courts such that it rendered filing of the Injunction Motion "unreasonable or vexatious." *See F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994). Plaintiffs have not offered evidence of other specific conduct on the part of the Asbra Defendants' attorney showing she acted in bad faith or for an improper purpose. Accordingly, Plaintiffs' second objection is overruled.

## IV. CONCLUSION

Having overruled each of Plaintiffs' objections, the Court finds that the Magistrate Judge's findings and conclusions (ECF No. 205) should be and are hereby **ADOPTED** as its own. Accordingly, Plaintiffs' Motion for Sanctions (ECF No. 203) is hereby **DENIED**.

**SO ORDERED** this **17th day** of **August, 2017**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE